**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 15-cr-20609

ROGER MAX AUSTIN,

    Defendant.
_____/

**ORDER REGARDING DEFENDANT'S SELF-REPRESENTATION**

1. **Background**

On September 15, 2017, the court was first notified by Defendant that his "motion to withdraw" his attorney, Michael McCarthy, was intended as a motion to represent himself without counsel as allowed under the Sixth Amendment. *Faretta v. California*, 422 U.S. 806 (1975); *McKaskle v. Wiggins*, 465 U.S. 168, 170 (1984). The court was dubious about the timing of the request but, upon a review of the cases speaking to the issue, has concluded that the court cannot legitimately deny the Defendant's motion. He is badly misguided, the court thinks, but not incompetent. He is making a choice that is unsound, the court believes, but not one that is impermissible. He seeks no upset or delay in the court's trial schedule, and does not present the request in a way that is obviously frivolous.

Defendant points without foundation to a mistrust of his attorney, which the court finds, as noted below, is baseless and wilful. This, however, does not obviate the Sixth

1

Amendment rights at issue.

## 2. Standard

When a defendant proposes to exercise his right to represent himself he must "knowingly and intelligently forgo[] his right to counsel and . . . [be] able and willing to abide by rules of procedure and courtroom protocol." *Id.* at 173. At the September 15 hearing and at a subsequent status conference on October 3, 2017, the court determined that Defendant had "knowingly and intelligently" waived his right to counsel.

The court found, and reiterates here, that the Defendant was strongly cautioned against self-representation. Defendant was admonished that his review of discovery materials would very likely be difficult; he acknowledged all cautions and reaffirmed his desire for self-representation. Defendant was found to be sober, not laboring under any medical disabilities or conditions nor affected by any mental delusions; he expressed himself cogently, properly, and politely, and the court adjudged him competent and ready to proceed.

## 3. Standby counsel

The court finds that there is no disabling lack of communication or disability of the part of Mr. McCarthy, Defendant's counsel of record over the past many months, but only a feigned disagreement about adjournments and provision of documents.

Defendant expressed a lack of "trust" in counsel but gave no cogent reason beyond his disagreement with the attorney's decision making. The court noted at the September 15 hearing, and reiterates here, that the Defendant is being wilful; he

does not present credible evidence showing any reason to support an actual breakdown in the attorney-client relationship. His complaints about Mr. McCarthy, which arose very early in McCarthy's representation, are almost identical to the complaints he presented about his first court-appointed attorney Mr. Stabelein.

There is no substantial reason that Mr. McCarthy should not serve as standby counsel, and adequately and professionally represent Defendant if needs be.

The court therefore orders counsel of record to remain in place for the purpose of standing by and being available to provide legal assistance to Defendant upon request before trial from time to time, and during trial out of the presence of the jury as may be needed.

In that regard, Defendant's self-representation must be both actual and apparent from the perspective of the jury. Defendant will be able to discuss matters as needed during recesses; if Defendant needs an unscheduled recess to consult, he may so request by raising his hand and stating just "legal review" as the reason, the court will afford a brief recess. This recess procedure shall not be overused so as to inappropriately disrupt the trial process.

### 4. Principles and Cautions

The court now sets forth some basic principles entailed within the right to self-representation. "*Faretta* . . . and later cases have made clear that the right of self-representation is not absolute." *Indiana v. Edwards*, 554 U.S. 164, 171 (2008).

a) **Dignity of the courtroom.** Defendant is instructed that "[t]he right of self-representation is not a license to abuse the dignity of the courtroom. Neither

is it a license not to comply with relevant rules of procedural and substantive law." *Faretta*, 422 U.S. 806, 834 n.46 (1975). Further, the right "can be lost by disruptive behavior during trial, constituting constructive waiver" because "deliberate dilatory or obstructive behavior may operate in effect as a waiver of his pro se rights." *United States v. Dougherty*, 473 F.2d 1113, 1124-25 (1972). *Illinois v. Allen*, 397 U.S. 337 (1970)).

b) **Integrity of the trial process.** As the *Faretta* Court recognized, "the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." *Faretta*, 422 U.S. at 834 n.46 (citing *Illinois*, 397 U.S. 337). "Even at the trial level . . . the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer." *Martinez v. Court of Appeal of California*, 528 U.S. 152, 162 (2000); *see also generally Sell v. United States*, 539 U.S. 166, 180 (2003) ("[T]he Government has a concomitant, constitutionally essential interest in assuring that the defendant's trial is a fair one.").

c) **No instruction from the court is available.** This court "is under no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for the defendant that counsel would normally carry out." *Martinez*, 528 U.S. at 162 (citing *McKaskle*, 465 U.S. at 183-84). Any Defendant proposing self-representation needs to educate himself on the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and the

Local Rules of this court. Additionally, Defendant will need to educate himself on proper courtroom decorum, including the basic principles of order and courtesy. A Defendant representing himself is not to unnecessarily interrupt Government's counsel, witness testimony, or the trial itself (e.g., with excessive or frivolous requests for legal consultation per the procedure described in Section 3, above); nor will the court allow other counsel to unnecessarily interrupt Defendant or his presentation.

d) **The court's orders must be heeded.** When the court speaks, Defendant must listen. When the court rules, Defendant must comply. He may preserve objections, but he must be prepared to move on after the court has ruled.

e) **Defendant must remain at counsel table.** As Defendant is in custody, his ability to move about the court will be limited. Defendant must administer witness questioning, and all comments and arguments from his position standing at counsel table, using the table microphone.

f) **Standards already established govern.** The court has issued orders in this case that will in pertinent part govern, including its ORDER AMENDING STANDING ORDER FOR DISCOVERY AND INSPECTION IN CRIMINAL CASES; AND GIVING NOTICE OF CERTAIN PRETRIAL AND TRIAL PRACTICES [Dkt #15]. The jury selection process is described therein. A copy of the order is attached to this Order.

g) **The right to self-representation may be voluntarily abandoned**. At some time in the future, the court anticipates that Defendant may find himself

overwhelmed, confused, or otherwise unable adequately to proceed without counsel, and in such event may seek the court's order to again have the assistance of counsel. If the court agrees, the court will direct standby counsel to step forward and re-assume his management of the case without delay. If Defendant makes such a request, it shall constitute knowing and voluntary relinquishment of the right of self-representation, and Defendant will not thereafter be permitted to self-represent in this case.

IT IS SO ORDERED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 4, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 4, 2017, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\CHD\Criminal\DD\11-20129.AUSTIN.Faretta.RHC.doc