**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                  Case No. 15-20609-1

ROGER MAX AUSTIN, et. al.

    Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR TRANSFER AND MOTION FOR DISCOVERY**

Defendant Roger Max Austin was convicted by a jury for Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1), Using, Carrying a Firearm during a Drug Trafficking Crime, 18 U.S.C. § 924(c), and Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute Controlled Substances, 21 U.S.C. §§ 846, 841(a)(1) on October 18, 2017. (Dkt. # 328.)  While awaiting sentencing Defendant has filed a number of motions including an "Ex Parte Request to be moved to Milan for access to legal work" (Dkt. # 384) and a "Motion for Discovery" (Dkt # 426.) Having reviewed the motions, the court concludes no hearing is needed.  *See* E.D. Mich. LR 7.1(f)(2).  The court will deny both motions.

Federal Rule of Criminal Procedure 16 governs "Arraignment and Preparation for Trial" and its text reflects its pretrial purpose. For instance with regard to "documents and objects" the Government must permit the defendant to inspect them, if "(i) the item is material to *preparing the defense*; (ii) the government intends to use the item *in its case-in-chief at trial*; or (iii) the item was obtained from or belongs to the defendant."

Fed. R. Crim. P. 16(a)(1)(E) (emphasis added). The Rule has references throughout indicating the pretrial nature of the discovery afforded, using phrases such as "intends to use … as evidence at trial" and "prospective government witnesses." Fed. R. Crim. P. 16(a)(1)(G) & 16(a)(2).

Defendant cites Federal Rule of Criminal Procedure 16 and seeks discovery of the following information:

- Agent's reports, notes, and memos
- Any evidence tending to show that any witness is bias against Defendant
- Any evidence tending to show that any witness has a medical or psychiatric condition that would affect his ability to testify
- Any witness who made a favorable statement about Defendant
- Resumes of the experts who testified at trial
- Information about any confidential informants
- Any deals the government made with witnesses who testified
- Any scientific reports, tests, or results relevant to this case

(*See generally* Dkt. # 426.) Prior to trial, Defendant was provided most if not all of this information to the extent it existed and the Government possessed it. (*See* Dkt. # 332, Pg. ID 1885-1893.) Defendant also was provided a laptop for the purpose of reviewing discovery documents. (Dkt. # 330.)

Now, Defendant has had a trial and was convicted. While he has not been sentenced, he has not explained how any of the requested information is pertinent to his sentencing or why it is no longer in his possession. The Government has responded to Defendant's motion and represents that it has fully complied with its obligations under Rule 16, the *Brady/Giglio* decisions, and 18 U.S.C. § 3500 "prior to and during trial, and will continue to do so." (Dkt. # 440, Pg. ID 3651.) Furthermore "[t]he specifically enumerated options available to the district court in order to remedy a Rule 16 violation (order the inspection of discovery, grant a continuance, prohibit the introduction of

evidence) are all plainly pre-judgment forms of relief." *United States v. Causey*, 149

F.3d 1185 (6th Cir. 1998). The court finds no basis for Defendant's request and will

deny it.

Defendant also requests to be transferred from the Midland County Jail to the

Milan Federal Correctional Institution to gain cheaper access to legal resources. (Dkt. #

384.) Defendant argues that the copying and telephone fees at the Milan Institution are

cheaper than those fees at the Midland facility. (*Id.* at 3223.)

This court has no authority to move Defendant or direct his movement to another

facility. Moreover, Defendant has post-trial counsel—Michael McCarthy—which

mitigates Defendant's need "for adequate access to legal work." (*Id.* at 3222.) The

motion will be denied.

Accordingly,

IT IS ORDERED that Defendant's "Ex Parte Request to be moved to Milan for

access to legal work" (Dkt. # 384) is DENIED.

IT IS FURTHER ORDERED that Defendant's "Motion for Discovery" (Dkt # 426)

is DENIED.

s/Robert H. Cleland                    /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 18, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, May 18, 2018, by electronic and/or ordinary mail.

s/Lisa Wagner                          /
Case Manager and Deputy Clerk
(810) 292-6522

s/Cleland/judge'sdesk/C2order/15-20609.AUSTIN.Denytransfer&Disc.aju