**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                             Case No. 15-20609-1

ROGER MAX AUSTIN, et. al.

    Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTIONS FOR PRIVATE INVESTIGATOR AND FOR A SUBPOENA**

Defendant Roger Max Austin was convicted by a jury for Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1), Using, Carrying a Firearm during a Drug Trafficking Crime, 18 U.S.C. § 924(c), and Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute Controlled Substances, 21 U.S.C. §§ 846, 841(a)(1) on October 18, 2017. (Dkt. # 328.) While awaiting sentencing Defendant has filed a number of motions including an "Ex Parte Motion for a Court-appointed Private Investigator." (Dkt. # 383) and an "Ex Parte Request for Subpoena of Visitation Log of Midland County Jail and Michael J. McCarthy's Billings." (Dkt # 407.) Having reviewed the motions, the court concludes no hearing is needed. *See* E.D. Mich. LR 7.1(f)(2). The court will deny both motions.

Defendant asserts that he needs a court-appointed private investigator to communicate with and question witnesses on his behalf to prepare for his sentencing. (Dkt. # 383, Pg. ID 3216.)

Defendant purports to make a request pursuant to 18 U.S.C. § 3006(A)(e)(1):

> (e) Services other than counsel.—
>
> (1) Upon request.--Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

Defendant does not explain what investigation, experts, or witnesses are necessary for his sentencing. Moreover, Defendant has standby counsel—Michael McCarthy—who has appeared and represented Defendant's interests since his conviction. The court finds no need for the appointment of a private investigator. The motion will be denied.

Defendant also requests a subpoena of the Midland County Jail visitation log citing the Freedom of Information Act. Defendant's FOIA request is misplaced and should be properly made to the State Agency that directs the Midland facility. Regardless, Defendant fails to explain how the jail log is relevant to the court's sentencing determination or how it could aid Defendant in his preparation for sentencing. Beyond including it in the title, Defendant's motion does not discuss his request for his counsel Michael McCarthy's billing records at all. The motion will be denied.

Accordingly,

IT IS ORDERED that Defendant's "Ex Parte Motion for a Court-appointed Private Investigator." (Dkt. # 383) is DENIED.

IT IS FURTHER ORDERED that Defendant's "Ex Parte Request for Subpoena of Visitation Log of Midland County Jail and Michael J. McCarthy's Billings" (Dkt # 407) is DENIED.

s/Robert H. Cleland         /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 22, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 22, 2018, by electronic and/or ordinary mail.

s/Lisa Wagner         /
Case Manager and Deputy Clerk
(810) 292-6522

s/Cleland/judge'sdesk/C2order/15-20609.AUSTIN.DenyInvestigator&Subpoena.aju