

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                             6th CIRCUIT
```

UNITED STATES OF AMERICA            )
                                    )
V.                                  )   CR_15-20609-01
                                    )
ROGER MAX AUSTIN                    )
PRO-SE



## MOTION TO REQUEST AUDIO RECORDINGS

      I Roger Austin am filing this motion Pro-se, Requesting Audio Recordings of Case No. CR-15-20609-01. Dates Sept 15, 2017 a arraingment and Aug 21, 2018 a sentencing.

      The Public has a Right of access under the First Ammendment and Common law to judical proceedings. The Right of access ensures the integrity of the judical proceedings and serves to deter misconduct and other abuses of the judical process.

The publi, including the parties to a suit, have a right of access to the records of a judical proceedings. E.g., In re A ssociated Press, 162 F.3d 503,506 (7th Cir. 19989); San jose Mercury News, Inc. v. U.S. District Court, 187 F.3d 1096, 1102 (9th Cir. 1999); United States v. Smith, 123 F.3d 140, 155 (3d Cir. 1997). The right is not absolute, but none of the expectations is applicable to this case, The question presented by the present case--a question on which we cannot find any case law--is whether, or more precisely when, audiotapes of a judical proceeding should be deemed judicial records within the meaning of the access rule. We can get help from the statue that governs the use of court reporters in federal courts. 27 U.S.C. sec. 753. It requires that proceedings in open court be recorded verbatim, but permits the recording to be done by any reliable method, including taping; and it also requires the reporter to file the " original records" in court. sec. 753(b). At a minimum, those records are judical records within the meaning of the access rule. It follows that if an audiotape is the only record made of  proceeding, it must be filed with the court. This understanding is confirmed by regulations issued by the Judical Conference of the United States, 6 Guide to Judiciary Policies and Procedures sec. 16.4.4 (Court Reporters Manual) (Jan. 1998), pursuant to a statutory delegation of authority to flesh out the provisions of section 753. See sec. 753(b).

Regarding audiotapes that merely back up the court reporter's stenographic record, the regulations we have just cited make these the personal property of the reporter <u>except</u> as to audiotapes of

-2-

arraignments, changes of plea, and sentencing hearings. 6 Guide to Judiciary Policies and Procedures, supra, sec.sec. 16.4.1, 16.4.4. We do not think that these should be deemed judicial records, unless some reason is shown to distrust the accuracy of the stenographic transcript. This position is consistent not only with the regulations and with the statue (which requires only that the reporters original records be filed with the court), but also with the case law, which defines the right to access as a right of access to those records of a proceeding that are filed in court or that, while not filed, are relied upon by a judical officer in making a ruling or decision. Grove Fresh Distributors, Inc. v. Everfresh juice Co., 24 F.3d 893 897 (7th Cir. 1994); Smith v. United States, 956 F.2d 647, 650 (7th Cir. 1992); United States v. Corbitt, 879 F.2d 224, 237 (7th Cir. 1989); United States v. El-Sayegh, 327 U.S. App. D.C. 308, 131 F.3d 158, 161-62 (D.C. Cir. 1997); United States v. Amodeo, 44 F.3d 141 145-46 (2d Cir. 1995); cf. Nixon v. Warner Communications, Inc., 435 U.S. 589, 55 L. Ed 2d 570, 98 S. Ct. 1306 (1978).

Not only is it my right as the public to have access to these audio recordings it is also my right as a <u>judical officer of the court</u> because of proceeding Pro-se in the case in question. The transcripts are incorrect and it is my right to review them using the audio recordings.

-3-

CERTIFICATE OF SERVICE

I, Roger Max Austin, Swear upon this affidavit that the information is true and correct to the best of my knowledge, and I hereby certify that the foregoing was forwarded to;

UNITED STATES ATTORNEYS OFFICE
ERIC M. STRAUSS
211 W. FORT STREET, SUIT @))!
DETROIT MI, 48226

via us postal service first class,

8/14/2019

Respectfully submitted

CC.

ROGER MAX AUSTIN 51411-039
FEDERAL CORRECTION COMPLEX ALLENWOOD-LOW
PO BOX 1000
WHITE DEER, PA  17887

Clerk of Court;

I Roger Austin am filing this motion Pro-se and want it filed with the court. There is on file an informia pauperis so any fees should be waived in this matter.

Date: 8/14/2019

Thank you,

Roger Austin

INMATE NAME/NUMBER: Roger Austin 51411-035
FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD /ow
P.O. BOX 1600
WHITE DEER, PA 17887

HARRISBURG PA 171
16 AUG 2019 PM 2 L
8/16/19

⇔51411-039⇔
Us District Court
231 W Lafayette BLVD
Detroit, MI 48226
United States

48226-279426

RECEIVED
AUG 19 2019
CLERK'S OFFICE
U.S. DISTRICT COURT