**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                                                              Case No. 15-20609

ROGER MAX AUSTIN,

    Defendant.
_____/

**OPINION AND ORDER DENYING MOTION TO REQUEST AUDIO RECORDINGS**

On October 18, 2017, Defendant was convicted after a jury trial of being a Felon-in-Possession of a Firearm (Count One), Using, Carrying a Firearm during a Drug Trafficking Crime (Count Two), and Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute Methamphetamine (Count Three).  On August 21, 2018, he was sentenced to 120 months on Count 1, 195 months on Count 3, concurrent, and 60 months on Count 2, consecutive to Counts 1 and 3, for a total of 255 months imprisonment.  His case is currently on appeal.  Now before the court is a Motion to Request Audio Recordings, filed on August 19, 2019.  In his motion, Defendant asserts that the transcripts are somehow erroneous and that the public has a right to review any audio recordings made of the court proceedings.  Defendant does not state specifically which transcript he wishes to challenge, but contends broadly that "the transcripts are incorrect and it is [his] right to review them using the audio recordings."  (ECF No. 623, PageID 5293.)  The court disagrees and will deny his motion.

## I. DISCUSSION

Generally, the public and the parties to a lawsuit have a right to access records of judicial proceedings. *See, e.g.*, *Smith v. U.S. Dist. Court Officers*, 203 F.3d 440, 441 (7th Cir. 2000); *United States v. Davis*, 648 F. App'x 295, 297 (4th Cir. 2016). Accordingly, where an audio recording is the original record of a criminal proceeding against a defendant, the defendant has a right to access that recording. *See Smith*, 203 F.3d at 441. Where, however, an audio recording is a *backup* of a court reporter's stenographic record, that recording is the personal property of the court reporter, not a judicial record. *Guide to Judiciary Policies and Procedures* § 510.40.10(c)(1); *see also Smith*, 203 F.3d at 441; *Davis*, 648 F. App'x at 297. A party therefore has no right to access a court reporter's backup audio recording unless there is some reason to distrust the accuracy of the transcript. *Smith*, 203 F.3d at 441; *Davis*, 648 F. App'x at 297.

A transcript in any case bearing a certification by the court reporter is "prima facie a correct statement of the testimony taken and proceedings had." 28 U.S.C. § 753(b). Moreover, "[w]hen a district court settles a dispute about what occurred in proceedings before it, the court's determination is conclusive unless intentionally false or plainly unreasonable . . . because '[u]ltimately the [District] Court has direct knowledge of what the parties [stated in the] case.'" *United States v. Hernandez*, 227 F.3d 686, 695 (6th Cir. 2000) (citations omitted) (quoting *United States v. Barrow*, 118 F.3d 482, 487–88 (6th Cir. 1997)).

Simply put, Defendant has no right to access the court reporter's recordings. Because the court reporter made stenographic records in this case, any audio

recordings would constitute a backup recording that is the personal property of the court reporter. Each transcript appearing on the docket in this case bears the court reporter's certification that the text is a correct transcript of the proceedings. As such, every transcript on the docket is prima facie a correct statement of the proceedings before the court. 28 U.S.C. § 753(b).  The court finds no reason to distrust the accuracy of the stenographic transcripts, and Defendant provides no explanation for his theory that the transcripts are unreliable.  The court is not even aware of which transcripts, specifically, Defendant challenges, as he appears to request *all* audio recordings. The court finds no reason to distrust the accuracy of any transcripts, let alone all the transcripts.  There is no basis to provide the extraordinary relief requested by Defendant.

## II. CONCLUSION

Having independently reviewed the transcript of the sentencing hearing in this case and finding no errors, the court rejects Defendant's argument that there are mistakes or omissions in that transcript in particular. As to the remaining transcripts, the Defendant has no right to access the recordings in this case, and for the foregoing reasons the court is unpersuaded that there is any reason to distrust the accuracy of the stenographic transcripts. Accordingly,

IT IS ORDERED that Defendant's Motion to Request Audio Recordings (ECF No. 623) is DENIED.

s/Robert H. Cleland                         /<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated:  August 26, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 26, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner             /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C3 ORDERS\15-20609.AUSTIN.Transcript.Audio.chd.docx