**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                Criminal Case No. 15-20609
                                                  Civil Case No. 20-10701

ROGER MAX AUSTIN,

       Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO AMEND, VACATING CLOSING ORDER, AND DIRECTING THE GOVERNMENT TO FILE RESPONSIVE BRIEF**

Defendant Roger Max Austin was tried by jury and convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1); using and carrying a firearm during a drug trafficking crime, 18 U.S.C. § 924(c); and conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances, 21 U.S.C. § 841(b)(1)(A) and 841(a)(1). (ECF No. 347, PageID.2876-78.) On August 21, 2018, the court sentenced Defendant to 255 months imprisonment. (ECF No. 479, PageID.3899.)

On March 16, 2020, Defendant moved to vacate his sentence under 28 U.S.C. § 2255. (ECF No. 642.) The motion was fully briefed on April 23, 2020, (ECF No. 651), and the court issued an opinion denying the motion on August 26, 2020. (ECF No. 684.) The § 2255 case was closed the same day. (ECF No. 685.) The day after the court issued its opinion, the clerk received a motion to amend, sent by Defendant on August 13, 2020. (ECF No. 687, PageID.6339.) The motion was delayed in the mail for fourteen days.

In his motion to amend, Defendant asserts a new claim under the U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(B) (U.S. Sentencing Comm'n 2018). (ECF No. 687, PageID.6335-36.) He contends that he should not be held criminally liable for conduct of others. (*Id.*) The government did not address this argument in its response and the court did not resolve the claim in its August 26 opinion. (ECF No. 684.)

The prisoner mailbox rule provides *pro se* federal prisoners leniency in motion deadlines. *See Hale v. Burt*, 645 F. App'x 409, 413 (6th Cir. 2016). The court will grant Defendant's motion to amend. Fed. R. Civ. P. 15(a)(2); *see Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014) ("[A] motion to amend a § 2255 motion is generally governed by the Federal Rules of Civil Procedure."). The Order Closing Case in Lieu of Judgment, which was entered in favor of the government, will be vacated. (ECF No. 685.) The court will direct the government to respond to the new arguments raised in Plaintiff's motion to amend. The claims discussed in the court's August 26 opinion are resolved; the court will review only Plaintiff's new claim. The court invites no additional briefing from Defendant. Accordingly,

IT IS ORDERED that Defendant's "Motion to Amend" (ECF No. 687) is GRANTED and the filing (ECF No. 687) is ACCEPTED as an amendment to his Motion to Vacate.

IT IS FURTHER ORDERED that the court's "Order Closing Case in Lieu of Judgment" (ECF No. 685) is VACATED. The court directs the clerk to reopen the case.

Finally, IT IS ORDERED that the government is DIRECTED to file a response to the new arguments found in Defendant's "Motion to Amend" (ECF No. 687) by

**September 30, 2020**. Unless otherwise ordered, no additional briefing from Defendant shall be presented.

                                                     s/Robert H. Cleland                  /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 14, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 14, 2020, by electronic and/or ordinary mail.

                                                     s/Lisa Wagner                       /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\15-20609.AUSTIN.MotiontoAmend.RMK.docx