# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Criminal Case No. 15-20609
                                        Civil Case No. 20-10701

ROGER MAX AUSTIN,

        Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S AMENDED MOTION TO VACATE SENTENCE, DENYING CERTIFICATE OF APPEALABILITY, AND TERMINATING AS MOOT DEFENDANT'S MOTION FOR LEAVE AND SECOND MOTION TO AMEND

Defendant Roger Max Austin was tried by jury and convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1); using and carrying a firearm during a drug trafficking crime, 18 U.S.C. § 924(c); and conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances, 21 U.S.C. § 841(b)(1)(A) and 841(a)(1). (ECF No. 347, PageID.2876-78.) On August 21, 2018, the court sentenced Defendant to 255 months imprisonment. (ECF No. 479, PageID.3899.)

On March 16, 2020, Defendant moved to vacate his sentence under 28 U.S.C. § 2255. (ECF No. 642.) The motion was fully briefed on April 23, 2020, (ECF No. 651), and the court issued an opinion denying the motion on August 26, 2020. (ECF No. 684.) The § 2255 case was closed the same day. (ECF No. 685.) The day after the court issued its opinion, the clerk received a motion to amend, sent by Defendant on August 13, 2020. (ECF No. 687, PageID.6339.) The motion was delayed in the mail for fourteen days.

In his motion to amend, Defendant asserts a new claim challenging the drug quantities used to calculate his base offense level, citing U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(B) (U.S. Sentencing Comm'n 2018). (ECF No. 687, PageID.6335-36.) He contends that he should not be held criminally liable for conduct of others. (*Id.*) The government did not address this argument in its response; the court did not resolve the claim in its August 26 opinion. (ECF No. 684.) On September 14, 2020, the court vacated its closing order, allowed Defendant to amend his § 2255 motion, and directed the government to respond to the new argument. (ECF No. 689, PageID.6347-48.) The government did so on September 24, 2020. (ECF No. 692.)

Defendant's new claim is barred by procedural default. Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). A defendant can also overcome procedural default by proving actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). "The hurdle . . . in excusing [a] procedural default is intentionally high, for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Peveler v. United States*, 269 F.3d 693, 700 (6th Cir. 2001) (quotations removed).

Defendant did not challenge the drug quantities used to calculate his base offense level before the Sixth Circuit. (*See* ECF No. 631, PageID.5324-25.) He asserts in conclusory fashion that his "appointed counsel in his appeal[] was ineffective for not [making this] argu[ment]." (ECF No. 687, PageID.6336.) However, Defendant may not rely on "conclusions rather than statements of fact" to obtain relief. *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d

2

778, 782 (6th Cir. 1999)). Defendant has not adequately demonstrated "cause," *Massaro*, 538 U.S. at 504, and he does not argue actual innocence overcomes a procedural default. *Bousley*, 523 U.S. at 622. Defendant has not presented a valid request for relief.

As stated in the court's August 26 opinion, reasonable jurists would not debate the court's holding. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). (ECF No. 684, PageID.6327.) A certificate of appealability will be denied. 28 U.S.C. § 2253(c)(1)(B), (2).

On September 12, 2020, Defendant filed a motion for leave to file another motion to amend. (ECF No. 690.) The second motion to amend, (ECF No. 691), filed the same day, was a copy of Defendant's first motion to amend. (ECF No. 687.) As explained above, the argument raised in Defendant's motion to amend fails. His motion for leave and his second motion to amend will be terminated as moot. Accordingly,

IT IS ORDERED that Defendant's Amended "Motion to [V]acate [S]entence [U]nder 28 U.S.C. [§] 2255" (ECF No. 642) is DENIED.

IT IS FURTHER ORDERED and a Certificate of Appealability is DENIED.

Finally, IT IS ORDERED that Defendant's "Motion for [L]eave to [F]ile a [M]otion to [A]mend" (ECF No. 690) and Second "Motion to [A]mend" (ECF No. 691) are TERMINATED as moot.

          s/Robert H. Cleland         /
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: October 9, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 9, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner                    /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\15-20609.AUSTIN.AmendedMotiontoVacateSentenceMotionforLeaveandSecondMotiontoAmend.RMK.docx

4