UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                          Case No. 15-20609

ROGER MAX AUSTIN,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND

Defendant Roger Max Austin was tried by jury and convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1); using and carrying a firearm during a drug trafficking crime, 18 U.S.C. § 924(c); and conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances, 21 U.S.C. § 841(b)(1)(A) and 841(a)(1). (ECF No. 347, PageID.2876-78.) On August 21, 2018, the court sentenced Defendant to 255 months imprisonment. (ECF No. 479, PageID.3899.)

On March 16, 2020, Defendant moved to vacate his sentence under 28 U.S.C. § 2255. (ECF No. 642.) He amended the motion to add a new claim on August 13, 2020. (ECF No. 687.) The court denied the amended § 2255 motion on October 9, 2020. (ECF No. 694.)

On October 13, 2020, Defendant mailed a "Motion to Amend" and asked to "bring 2 more [ineffective assistance of counsel] claims" under § 2255. (ECF No. 696, PageID.6375.) The government filed a response on November 12, 2020. (ECF No. 699.) Defendant appealed the court's October 9 decision on December 9, 2020. (ECF

No. 701.) On January 5, 2021, the Sixth Circuit held Defendant's appeal in abeyance "until after the district court rules on [his] pending motion to amend." (Case No. 20-2269, Document 5.)

Title 28 U.S.C. § 2255(h) states that "second or successive motion[s] [to vacate sentence] must be certified . . . by a panel of the appropriate court of appeals." However, a motion to amend is not a second or successive application for § 2255 relief when it is filed before the defendant "forfeit[s] [his] appellate remedies and thus before the adjudication of [his] § 2255 motion [is] decisively complete." *Clark v. United States*, 764 F.3d 653, 659 (6th Cir. 2014). A "motion to amend that seeks to raise habeas claims is a second or successive habeas petition when that motion is filed after the petitioner has appealed the district court's denial of his original habeas petition or after the time for the petitioner to do so has expired." *Moreland v. Robinson*, 813 F.3d 315, 325 (6th Cir. 2016). Defendant's October 13 motion to amend was filed before his deadline to appeal expired, Fed. R. App. P. 4(a)(1)(B), and before he appealed the court's decision on December 9. (*See* ECF No. 701.) Thus, the court will review the merits of Defendant's second motion to amend.

Motions to amend § 2255 petitions are governed by the Federal Rules of Civil Procedure. *See Clark*, 764 F.3d at 661; *Oleson v. United States*, 27 F. App'x 556, 570 (6th Cir. 2001). Amending pleadings after a final judgment is strongly disfavored. Courts have an interest in "protecting the finality of judgments and the expeditious termination of litigation." *Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010) (quoting *Morse v. McWorter*, 290 F.3d 795, 800 (6th Cir. 2002)). Limitations on post-judgment amendments also prevent use of the court "as a sounding board to

discover holes in [an] argument[]." *Id.* If parties were given open permission to amend pleadings after a judgment, they could "reopen the case by amending their [pleadings] to take account of the court's decision," and the court would soon begin to function as an advisory, not a judicial, body. *Id.*

"[I]n post judgment[] motions to amend, the Rule 15 and Rule 59 inquiries turn on the same factors." *Clark*, 764 F.3d at 661 (quotations removed). Federal Rule of Civil Procedure 59(e) allows for "motions to alter or amend a judgment." "To grant a motion filed pursuant to Rule 59(e) . . . there must be (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quotations removed). District courts have "considerable discretion under Rule 59(e)." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citation removed); *accord Clark*, 764 F.3d at 662.

Defendant does not assert that the court made a "clear error of law" in its decision to deny his § 2255 motion. *Betts*, 558 F.3d at 474. He also does not allege that there is any "newly discovered evidence" that would alter the court's prior analysis. *Id.* Defendant has not identified any "change in controlling law." *Id.*

Thus, Defendant's only route to amend the court's judgment is by convincing the court that his amendments would "prevent manifest injustice." *Id.* Defendant presents no argument to this effect. But even if he did, Defendant's proposed amendments do no justify such an extraordinary remedy.

Defendant argues that his attorney was constitutionally ineffective because the attorney, according to Defendant, did not advise him of the possibility of pleading guilty

3

without cooperating with the government. (ECF No. 696, PageID.6376.) Defendant also claims that, when he violated a protective order by publicly disclosing the name of a fellow gang member who cooperated with the government, Defendant was unaware that such information was under seal. (*Id.*, PageID.696; *see* ECF No. 699, PageID.6400-05.)

Defendant could have presented both these claims in his first § 2255 motion, or in his first motion to amend, prior to the final judgment. In fact, Defendant presented an (unsuccessful) claim in his original § 2255 motion that his attorney was ineffective for failing to request a plea agreement without a cooperation condition. (ECF No. 684, PageID.6315-19.) That claim closely resembles the claim he proposes now regarding his plea agreement. Defendant has been aware of the underlying facts for months, if not years. (*See* ECF No. 642 (Defendant's § 2255 motion filed on March 16, 2020).)

Defendant also knew of his violations of the protective order, and his attempt to intimidate a government witness, since, at the very least, the date of his sentencing on August 21, 2018. (*See* ECF No. 475, PageID.3876, (The government's August 8, 2018, sentencing memorandum describing how "Defendant Austin, as a member of the [motorcycle gang], was well aware of the fact that by widely dispersing and publishing the cooperating defendant's FBI FD-302 . . . that not only was he violating this Court's protective Order, but more importantly, he was placing cooperating defendant in danger of great physical harm, if not death."); ECF No. 522, PageID.4593 (the court finding at sentencing that Defendant was "setting [the witness] up because of his cooperation . . . [and] trying to get [the witness] set up for penalty, punishment, beatings, getting run down the road, whatever else might have come his way").)

Final judgments are not opportunities to use the court "as a sounding board to discover holes in . . . arguments," and present new claims that could provide alternate grounds for relief. *Leisure Caviar*, 616 F.3d at 616. The Sixth Circuit has repeatedly rejected attempts to advance claims after an adverse judgment which could have been made before the judgment was entered. *See id.* at 616 (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)) ("A plaintiff cannot use a Rule 59 motion (or for that matter a post-judgment Rule 15 motion) 'to raise arguments which could, and should, have been made before judgment issued.'"); *Energy Conservation Devices Liquidation Trust v. Trina Solar Ltd.*, 833 F3d 680, 691 (6th Cir. 2016) (quotations removed) (rejecting arguments which "should . . . have been made before [the court issued a] judgment"); *Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 432 (6th Cir. 2017) (quotations removed) ("We have noted that manifest injustice does not occur when a losing party attempts to correct what has—in hindsight—turned out to be poor strategic [litigation] decision.").

Defendant will not suffer "manifest injustice" if he is not permitted to amend his § 2255 motion a second time, *Betts*, 558 F.3d at 474, and the instant motion to amend will be denied.

Even if the court were to allow Defendant to amend his § 2255 motion, he would not be entitled to relief. As the government accurately describes in its response, Defendant was repeatedly informed of a potential plea agreement, the material terms of which did not contain a cooperation requirement. (*See* ECF No. 699, PageID.6396-6400; ECF No. 696, PageID.6384-85 (September 13, 2017, letter from Defendant's attorney describing terms of a proposed plea agreement); ECF No. 518, PageID.4279

5

(the government describing material terms of the proposed plea agreement at the court's September 15, 2017, final pretrial conference); *id.*, PageID.4295 (the court stating terms of the plea agreement at the final pretrial conference and Defendant confirming that he had "ample time to talk with [his attorney]" about the plea deal and his options).) The record confirms that Defendant understood the government's proposed plea deal and its terms. *See Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)) (holding that a prisoner is not entitled to § 2255 relief if "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact").)

Further, as the government explains, it is undeniable that Defendant was made aware of the court's protective order before Defendant flagrantly violated it by publicly disclosing the name of a cooperating witness. (*See* ECF No. 699, PageID.6401; ECF No. 518, PageID.4287 (the court identifying "a series of protective orders" and the government stating "defendants may not share [the documents at issue] with any other person" at the September 15, 2017, pretrial conference); ECF No. 522, PageID.4541 (government counsel at Defendant's August 21, 2018, sentencing stating that "when [she] supplied the materials to the defendant and his stand-by counsel, [she] reminded them of the protective order in the case.").) Defendant's proposed claims lack factual support and would be denied even if the court permitted Defendant to amend his § 2255 motion. *See Valentine*, 488 F.3d at 333. Accordingly,

IT IS ORDERED that Defendant's "Motion to Amend" (ECF No. 696) is DENIED.

                                           s/Robert H. Cleland              /
                                           ROBERT H. CLELAND

                                                UNITED STATES DISTRICT JUDGE

Dated:  March 2, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 2, 2021, by electronic and/or ordinary mail.

                                                <u>s/Lisa Wagner                    /</u>
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\15-20609.AUSTIN.MotiontoAmend.RMK.2.docx