UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                Case No. 15-20609

ROGER MAX AUSTIN,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S SECOND EMERGENCY MOTION FOR COMPASSIONATE RELEASE

Defendant Roger Max Austin was tried by jury and convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1); using and carrying a firearm during a drug trafficking crime, 18 U.S.C. § 924(c); and conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances, 21 U.S.C. §§ 841(b)(1)(A) and 841(a)(1). Defendant was sentenced on August 21, 2018 to 255 months imprisonment. (ECF No. 479, PageID.3899.) He appealed to the Sixth Circuit, which affirmed Defendant's conviction and sentence in December 2019. (ECF No. 631.)

On April 14, 2020, Defendant moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), claiming the health risk from Coronavirus Disease ("COVID-19") justified his immediate release. (ECF No. 652.) The court denied the motion on May 15, 2020. (ECF No. 657.) Defendant appealed, (ECF No. 663), and on September 1, 2020, the Sixth Circuit affirmed the court's decision. (ECF No. 688.)

Defendant has filed a second motion for compassionate release. (ECF No. 703.) He argues that the spread of COVID-19 in the federal prison system supports his

immediate release. The government has filed a response. (ECF No. 708.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). For the reasons provided below, Defendant's motion will be denied.

The federal compassionate release statute has "three substantive requirements." *United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021). First, the court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Second, the sentencing factors provided under 18 U.S.C. § 3553(a) must weigh in favor of a sentence reduction. Third, a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

A motion requesting a prisoner's compassionate release may be filed either by the Bureau of Prisons ("BOP") or by the prisoner himself. 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit held in *United States v. Jones*, 980 F.3d 1098, 1110-11 (6th Cir. 2020), that when a prisoner moves for compassionate release himself there is no "applicable policy statement[] issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Thus, the requirement in § 3582(c)(1)(A) that a sentence reduction be "consistent with [a] policy statement[]" does not apply to compassionate release analysis, and courts are to ignore it. *Jones*, 980 F.3d at 1111; *accord United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021). A prisoner seeking compassionate release must nevertheless present "extraordinary and compelling" circumstances and must have § 3553(a)'s sentencing factors that weigh in his favor. 18 U.S.C. § 3582(c)(1)(A); *see Jones*, 980 F.3d at 1108, 1111 (holding that a court has "full discretion to define

2

'extraordinary and compelling'" and must also "determine whether, in its discretion, [a] reduction . . . is warranted" under § 3553(a)).

Defendant does not qualify for compassionate release. First, his circumstances are not extraordinary and compelling. "Extraordinary" is defined as "exceptional to a very marked extent." *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). Courts have interpreted "extraordinary" in the context of compassionate release as "beyond what is usual, customary, regular, or common," and a "'compelling reason" as "one so great that irreparable harm or injustice would result if the relief is not granted." *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (Leitman, J.); *United States v. Murphy*, Case No. 15-20411, 2020 WL 2507619, at *5 (E.D. Mich. May 15, 2020) (Cox, J.). A district court's findings as to extraordinary and compelling circumstances is reviewed for abuse of discretion. *See Elias*, 984 F.3d at 520-21.

On January 6, 2021, the BOP offered Defendant the Moderna COVID-19 vaccine. (ECF No. 709-1, PageID.6467.) Defendant refused to receive the vaccine, and he provided no justification.[1] (*Id.*) By all available evidence, COVID-19 vaccines are safe and substantially reduce the health risks presented by COVID-19. *Safety of COVID-19 Vaccines*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/safety/safety-of-vaccines.html

---

[1] Defendant also did not file a reply brief and failed to present to the court with a valid reason for declining the vaccine.

3

(last visited March 23, 2021) ("COVID-19 vaccines are safe and effective . . . CDC recommends you get a COVID-19 vaccine as soon as you are eligible."). The court is aware of no scientifically derived evidence showing that severe complications or death from COVID-19 is likely, or even possible, after an individual has received a full vaccination regimen. Over forty million individuals have been fully vaccinated in the United States, and the court does not know of a single confirmed death of a fully vaccinated individual from COVID-19. *Trends in Number of COVID-19 Vaccinations in the United States*, Centers for Disease Control and Prevention, https://covid.cdc.gov/covid-data-tracker/#vaccination-trends (last visited March 23, 2021). Reports have found that the Moderna vaccine is 94% effective at preventing COVID-19. *See Comparing the COVID-19 Vaccines: How Are They Different?*, Yale Medicine, https://www.yalemedicine.org/news/covid-19-vaccine-comparison (last visited March 23, 2021).

      Defendant cannot establish that his conditions are exceptional and demand immediate release when he intentionally prevents the BOP from mitigating dangers to his health and safety. 18 U.S.C. § 3582(c)(1)(A). A prisoner cannot on the one hand point to the risk of severe illness, while on the other hand refuse to participate in basic precautionary measures such as vaccination. Allowing federal prisoners to qualify for compassionate release by declining to receive a COVID-19 vaccine, without justification, would discourage prisoners from becoming vaccinated. The court is exceedingly hesitant to provide prisoners an incentive to *increase* their risk of contracting COVID-19 and developing severe symptoms. Such a result would be profoundly counter-productive and would militate against the ameliorative purposes of

compassionate release. Denial of Defendant's request for release is warranted on this basis alone.

Second, even if Defendant's circumstances were extraordinary and compelling, the § 3553(a) sentencing factors do not weigh in favor of his release. 18 U.S.C. § 3582(c)(1)(A). In May 2020, the court thoroughly analyzed § 3553(a)'s sentencing factors and applied them to Defendant's history, offenses, and characteristics. (ECF No. 657, PageID.5689-95.) The facts material to the court's findings in May 2020 have not changed. As the court stated previously:

> [Prior to his conviction for the instant offenses, Defendant] engaged in dangerous organized criminal activity, planning and organizing the production and distribution of a deadly narcotic, methamphetamine. He carried a loaded weapon with him, to serve, along with his fellow members of the Devil's Diciples, as protection for the Warren drug house, the meth he was possessing for sale, and, likely, cash proceeds from drug sales. After arrest, Defendant obstructed justice, abused the discovery process, and disobeyed an explicit court order by releasing confidential information on a cooperating gang member to other gang members. The motorcycle gangs to whom Defendant provided information had the ability and motive to commit serious acts of violence against the cooperating member, potentially risking that member's life.

(ECF No. 657, PageID.5692.) Furthermore:

> Defendant has participated in criminal conduct for almost his entire adult life. If released, he could return to his prior life as a motorcycle gang member in spite of his physical condition, and continue a well-developed set of criminal habits and lifestyle.

(*Id.*, PageID.5694-95.)

Defendant's sentence of 255 months imprisonment fell within the advisory guideline range. (*Id.*, PageID.5693; ECF No. 631, PageID.5323-24.) As the Sixth Circuit recognized in September 2020, "[Defendant] served only a fraction of his sentence." (ECF No. 688, PageID.6344.) That remains true. As the government explains,

"[Defendant] has approximately 153 months—or 60%— remaining on his 255-month prison sentence." (ECF No. 708, PageID.6452.)

Defendant asserts that he has undergone rehabilitative efforts while in prison. (ECF No. 703, PageID.6418.) Nonetheless, as the court stated in May 2020, while outside the confines and monitoring of prison, Defendant repeatedly engaged in serious and reprehensible criminal conduct. (ECF No. 688, PageID.6344.) He remains a threat to public safety. (*Id.*, PageID.5692-95.) Defendant is provided adequate medical care in prison, and he was offered a vaccine that can substantially reduce his risk of COVID-19 infection.[2] (*Id.*, PageID.5693-95; ECF No. 709-1, PageID.6467.) In all, the court's May 2020 analysis remains well-supported; a year has not changed the court's review of § 3553(a) sentencing factors. Thus, Defendant's second motion for compassionate release will be denied. Accordingly,

IT IS ORDERED that Defendant's Second "Emergency Motion for Compassionate Release" (ECF No. 703) is DENIED.

                                           s/Robert H. Cleland                    /
                                           ROBERT H. CLELAND
                                           UNITED STATES DISTRICT JUDGE

Dated: March 25, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 25, 2021, by electronic and/or ordinary mail.

                                           s/Lisa Wagner                        /
                                           Case Manager and Deputy Clerk
                                           (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\15-20609.AUSTIN.SecondEmergencyMotionforCompassionateRelease.RMK.docx

---

[2]    At the time of the court's May 2020 opinion, Defendant's location of confinement, FCI Allenwood Low, had no confirmed cases of COVID-19 infection. (ECF No. 657, PageID.5694.) Currently, there is one confirmed COVID-19 case at the prison. *See COVID-19: Coronavirus*, Centers for Disease Control and Prevention, https://www.bop.gov/coronavirus/ (last visited March 23, 2021).