# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                        Case No. 15-20609

ROGER MAX AUSTIN,

       Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND FINES

Defendant Roger Max Austin was tried by jury and convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1); using and carrying a firearm during a drug trafficking crime, 18 U.S.C. § 924(c); and conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances, 21 U.S.C. §§ 841(b)(1)(A) and 841(a)(1). (ECF No. 347, PageID.2876-78.) On August 21, 2018, Defendant was sentenced to 255 months imprisonment. (ECF No. 479, PageID.3899.) Defendant appealed, and the Sixth Circuit affirmed his conviction and sentence in December 2019. (ECF No. 631.) The court, in its judgment, ordered Defendant to pay a $300 special assessment and $5,000 in fines. (ECF No. 479, PageID.3903.) The court directed Defendant to pay the amounts "immediately" but allowed him to participate in the Inmate Financial Responsibility Program ("IFRP").[1] (*Id.,* PageID.3904.) Defendant's current balance due is $2,960.74. (ECF No. 722, PageID.6664.)

___

[1]     The IFRP is a work program run by the Bureau of Prisons ("BOP"). The program's purpose is to allow "each sentenced inmate to meet his or her legitimate financial obligations." *Weinberger v. United States*, 268 F.3d 346, 360 (6th Cir. 2001)

On March 8, 2021, Defendant filed a *pro se* "Motion to Amend Fines" under 18 U.S.C. § 3572(d)(3). (ECF No. 712.) Defendant argues that due to his family's economic circumstances, the judgment requiring him to pay the total amount of $5300 should be amended to reflect that it is paid in full, or, alternatively, should be deferred until after his release. (*Id.,* PageID.6628.) Defendant states that "Austin's wife and daughter could desperately use the funds currently being applied to Austin's fines." (*Id.*) The government filed a response on May 28, 2021. (ECF No. 722.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). For the reasons provided below, Defendant's motion will be denied.

Under 18 U.S.C. § 3572(d)(1), the court can order in a criminal judgment that a prisoner pay a criminal fine "immediately," "on a date certain[,] or in instalments." If the court orders that a fine be paid in installments, "the defendant [must] notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may . . . adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3572(d)(3). By the plain text of § 3572(d)(3), prisoners are required to notify the court of changed economic circumstances, and the court has authority to adjust payment schedules of a criminal fine, only where the court, in the original judgment, ordered payment of the criminal fine "in installments." 18 U.S.C. §

---

(citing 28 C.F.R. § 545.10). As such, "the program allows for the development of a financial plan that allows inmates to pay enumerated obligations . . . while incarcerated." *Id.* Failure to participate in the IFRP can have several repercussions, "including not receiving bonus pay or vacation pay, being subject to a more stringent monthly commissary spending limitation, and being assigned the lowest housing status." *United States v. Callan,* 96 F. App'x 299, 300 (6th Cir. 2004) (citing 28 C.F.R. § 545.11(d)).

3572(d)(3); *see also United States v. Brumfield,* 125 F. Supp. 3d 648, 650 (W.D. Mich. 2015) ("[Section] 3572(d)(3) . . . applies only when the court has imposed a payment schedule."). Section 3572(d)(3) allows the court to amend payments schedules when the payment schedules were set at sentencing and the court continues to manage and control them. By contrast, the provision does not apply where a criminal fine "is due immediately and in a lump sum." *Brumfield,* 125 F. Supp. 3d at 650 (quoting *United States v. Wynn*, 328 F. App'x 826, 828 (3d Cir. 2009)). The court did not set, and does not manage, a payment schedule for Defendant's criminal fine. *See* 18 U.S.C. § 3572(d)(3); *Brumfield,* 125 F. Supp. 3d at 650. Defendant's judgment stated that his fine was "due immediately" in "[l]ump sum." (ECF No. 379, PageID.3904.)

    In fulfilling this obligation to pay a criminal fine immediately, the court permitted Defendant to participate in the BOP's IFRP system. (*Id.*) However, when the court directed Defendant to participate in the IFRP, it did not create any sort of payment schedule. Rather, "the BOP, through the IFRP, provides inmates a means to comply with [a] court directive . . . to pay [a fine] 'immediately.'" *United States v. Allen,* Case No. 14-20191, 2021 WL 2102601, at *2 (E.D. Mich. May. 25, 2021) (Parker, J.) (citing *United States v. Callan,* 96 F. App'x 299, 301 (6th Cir. 2004)). When allowing a prisoner to participate in the IFRP program, "the sentencing court [neither] permit[s] . . . nor authorize[s] . . . the BOP to determine installment payments or set the timing of those payments" on the court's behalf. *White v. Eichenlaub,* Case No. 08-13131, 2008 WL 4427938, at *4 (E.D. Mich. Sept. 30, 2008) (Battani, J.). Instead, the sentencing court sets the amount and timing of payments in the original judgment and "merely permits [the prisoner] to pay his criminal fine . . . through the BOP's financial program." *Id.* While

§ 3572(d)(3) provides the court authority to adjust a payment schedule, the court cannot do so when it did not set a payment schedule in the first place, as in this case. *See* 18 U.S.C. § 3572(d)(3); *Brumfield,* 125 F. Supp. 3d at 650. Thus, denial of Defendant's motion to amend fines is warranted.

Even if § 3572(d)(3) were applicable, the Sixth Circuit has noted that "there is a complete absence of any constitutional, statutory, or decisional authority for the proposition that a federal district court has the subject matter jurisdiction to micromanage the IFRP for the Bureau of Prisons." *Callan,* 96 F. App'x at 301; *see also Allen,* 2021 WL 2102601 ("[T]he Court lacks subject matter jurisdiction to direct the BOP to adjust Defendant's payments"). Defendant fails to cite any legal support for the position that the court has authority to alter IFRP financial plans the BOP sets for individual prisoners. (ECF No. 722, PageID.6666.) The BOP has the professional capacity and responsibility to consider Defendant's financial circumstances, and his progress at "demonstrate[ing] . . . responsible behavior" in prison, when setting his IFRP payment requirements. *See* 28 C.F.R. § 545.11(b), (c) (requiring that the BOP set payment amounts and perform regular IFRP progress reviews). "[T]he Bureau of Prisons is better suited to assess [Defendant's] financial position and determine an appropriate schedule for payment." *United States v. Bivins*, Case No. 10-cr-20397, 2019 WL 11593066, at *1 (E.D. Mich. Feb. 1, 2019) (Goldsmith, J.). Therefore, Defendant is not entitled to relief under 18 U.S.C. § 3572(d)(3), even if the provision were applicable.

Even if § 3572(d)(3) applied, and even if there existed a payment schedule the court had authority to amend, Defendant does not cite any "material change" in his "economic circumstances" justifying the relief he seeks. 18 U.S.C. § 3572(d)(3). When

the facts a prisoner points to in support of § 3572(d) motion to amend "do not demonstrate a change of circumstances such that he cannot continue to make payments in accordance with the plan established," amendment of a payment schedule is not warranted. *United States v. Ocampo,* No. 06-20172, 2009 WL 3617987, at *1 (E.D. Mich. Oct. 30, 2009) (Ludington, J.). Defendant cites both the ongoing health issues of his wife as well as his daughter's future college expenses as the reasons for his motion. (ECF No. 712, PageID.6626.) However, as noted in the government's response, the factors regarding Defendant's wife's health and financial situation were already known to the court, and as such, were taken into consideration when Defendant was sentenced. (ECF No. 722, PageID.6668.) Defendant has failed to present an argument backed by evidence that his economic circumstances, and the facts supporting his criminal fine at the time of sentencing, have materially changed. 18 U.S.C. § 3572(d)(3). Accordingly,

IT IS ORDERED that Defendant's "Motion to Amend Fines" (ECF No. 712) is DENIED.

                                                  s/Robert H. Cleland                 /
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated: July 13, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 13, 2021, by electronic and/or ordinary mail.

                                                  s/Lisa Wagner                    /
                                                  Case Manager and Deputy Clerk
                                                  (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\15-20609.AUSTIN.MotiontoAmendFines.NF.RMK.docx